DANIEL G. BOGDEN
United States Attorney

HOLLY A. VANCE
Assistant United States Attorney
100 West Liberty Street, Suite 600
Reno, Nevada  89501
Tel:   (775) 784-5438
Fax:  (775) 784-5181

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TIMOTHY SHEPARD, | Case No.  3:12-CV-00554-HDM-VPC |
| Plaintiff, | |
| v. | |
| ERIC K. SHINSEKI, SECRETARY, DEPARTMENT OF VETERANS AFFAIRS; EDWARD RUSSELL, in his official capacity; and ALAN BITTLER, in his official capacity, | **ANSWER TO COMPLAINT** |
| Defendants. | |

COME NOW Defendants Eric Shinseki, Secretary, Department of Veterans Affairs; Edward Russell, in his official capacity; and Alan Bittler, in his official capacity (collectively Defendants), by and through their undersigned counsel, and answer the complaint as follows:

## JURISDICTION AND VENUE

1.     Paragraph 1 sets forth the purpose of this civil action, as alleged by Plaintiff, and does not constitute allegations of fact.  Therefore, no answer is required.  To the extent an answer is required, Defendants deny the allegations.

2.     Paragraph 2 states Plaintiff's legal conclusions regarding jurisdiction rather than allegations of fact and thus no answer is required.  To the extent an answer is required, Defendants deny the allegations.

3.     Defendants admit that the acts and/or omissions complained about in Plaintiff's Complaint occurred at the Department of Veterans Affairs Regional Office in Reno, Nevada, but Defendants deny any allegations of unlawful employment practices.  To the extent a further answer is required, Defendants deny the allegations.

**PARTIES**

4.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.  To the extent a response is required, Defendants deny Paragraph 4.

5.     Defendants admit the allegations contained in Paragraph 5.

6.     Defendants admit the allegations contained in Paragraph 6.

7.     Defendants admit the allegations contained in Paragraph 7.

8.     Defendants admit that Mr. Russell and Mr. Bittler were agents and representatives of Secretary Shinseki.  Defendants deny the remainder of Paragraph 8.

**ADMINISTRATIVE PROCEDURES**

9.     Defendants deny the allegations contained in Paragraph 9.  At the administrative level, Plaintiff's claim was whether he was discriminated against based on color (brown), national origin (Hispanic), disability (dyslexia & dysgraphia), age (over 40), and reprisal (prior EEO activity), when the agency allegedly denied him a reasonable accommodation between November 4, 2010, and January 4, 2011.  Plaintiff requested a hearing with the Equal Employment Opportunity Commission on August 30, 2011.  The parties, through their attorneys, stipulated and agreed that the issues to be decided at the administrative hearing would include Plaintiff's allegations of being denied a reasonable accommodation from the date of filing his complainant through the date of the hearing: the time from January 4, 2011 through August 30, 2011.  That time frame exceeds 180 days.

10.     Defendants admit that a Final Order was issued to Plaintiff by the Veterans Affairs Office of Employment Discrimination Complaint Adjudication on July 27, 2012, which included a

2

notice of right to file a civil action within 90 days.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 10.

## FIRST CLAIM FOR RELIEF

(Violation of 29 U.S.C. § 791 — Disability Discrimination)

11.     Paragraph 11 of the Complaint is a statement of reincorporation to which no response is necessary.  To the extent an answer is required, Defendants incorporate herein their responses to Paragraphs 1 through 10.

12.     Defendants deny the allegations contained in Paragraph 12.

13.     Defendants admit the allegations contained in Paragraph 13.

14.     Defendants admit that during the time Plaintiff was on the Public Contact Team, there were five teams:  Triage, Pre-Determination, Post-Determination, Appeals and Public Contact. Defendants admit that each Team performs a different function.

15.     Defendants admit that the position description for a VSR is established by the United States Department of Veterans Affairs Human Resource Center in Washington, D.C. and the pay level is approved by the Office of Personnel Management.  Defendants further admit that changes are conducted in the same manner.

16.     Defendants admit the allegations contained in Paragraph 16.

17.     Defendants admit the allegations contained in Paragraph 17.

18.     Defendants admit the allegations contained in Paragraph 18.

19.     Defendants admit that Manual 21-1-Manual Rewrite ("M21-1-MR"), Part II, Chapter 1, states, "The Intake Specialist must not conduct personal interviews."  Defendants deny the remaining allegations contained in paragraph 19.

20.     Defendants admit that Vice-Admiral Daniel Cooper, Veterans Affairs Undersecretary for Benefits 2002-2008, put in writing that all Veterans Affairs offices utilizing VSRs must utilize them in all five VSR categories.  Defendants deny that the guidance continued after Vice-Admiral

Cooper stepped down from the position.

21.    Defendants admit the allegations contained in Paragraph 21.

22.    Defendants deny the allegations contained in Paragraph 22.

23.    Defendants deny the allegations contained in Paragraph 23.  Factor 3 — Guidelines states:

> Guidelines include agency manuals; *e.g.,* the M21-1, M22-2, M23-1, M21-4, regulations, court decisions, directives, EDP rules-based technology, and procedural requirements of the various social insurance and special and supplemental security income programs.  These guides are numerous, extensive, and complex.  While the guidelines are generally applicable, the VSR must use considerable judgment in the application of regulations to research and resolve complex or highly unusual cases and in adapting guidelines and procedures to individual case circumstances.

24.    Defendants admit the allegations contained in Paragraph 24.

25.    Defendants admit that Manual 21-1-Manual Rewrite, Part II, Chapter 1, states, "The Intake Specialist must not conduct personal interviews" and Intake Specialists are responsible for "referring visitors to a Veterans Service Representative ("VSR"), if a personal interview is warranted."

26.    Defendants admit that before eliminating the VSRs from Public Contact, Plaintiff was marked fully successful during annual performance appraisals.  Defendants deny the remaining allegations contained in paragraph 26.

27.    Defendants admit that they did not officially notify Plaintiff of the transfer until July 2010.  Defendants admit that Plaintiff submitted documents after that date that stated Plaintiff had the disabilities of dyslexia and dysgraphia.  Defendants deny the remainder of Paragraph 27.

28.    Defendants admit the allegations contained in Paragraph 28.

29.    Defendants admit that Mr. Bittler elected to follow the Intake Specialist Position Description rather than the M21-1-MR when he noticed a conflict between the two.  Defendants further admit that Mr. Bittler notified Compensation Services, the entity responsible for the manual, of this decision.

4

30.   Defendants deny that allowing Plaintiff to remain in Public Contact as a VSR would not be an accommodation.  Defendants lack sufficient knowledge or information as to whether Plaintiff could not do the work of a VSR Predetermination Team member with accommodations. Defendants admit that Plaintiff has stated that he would not be able to perform the duties. Defendants admit the remainder of Paragraph 30.

31.   Defendants admit the allegations contained in Paragraph 31.

32.   Defendants deny the allegations contained in Paragraph 32.

33.   Defendants deny the allegations contained in Paragraph 33.

34.   Defendants deny the allegations contained in Paragraph 34.

35.   Defendants deny the allegations contained in paragraph 35.

36.   Defendants admit that Plaintiff repeatedly requested to be placed back as a VSR in Public Contact.  Defendants deny the remainder of Paragraph 36.

37.   Defendants admit the allegations contained in Paragraph 37.

38.   Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiff could not do the work of a VSR Predetermination Team member with accommodations.  Defendants admit that Plaintiff has stated he would not be able to perform the duties.

39.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 39.

40.   Defendants deny the allegations contained in Paragraph 40.

41.   Defendants deny the allegations contained in Paragraph 41.

42.   Defendants deny the allegations contained in Paragraph 42.

43.   Defendants deny the allegations contained in Paragraph 43.

44.   Defendants deny the allegations contained in Paragraph 44.

45.   Defendants deny the allegations contained in Paragraph 45.

46.   Defendants deny the allegations contained in Paragraph 46.

47.   Defendants deny the allegations contained in Paragraph 47.

**JURY DEMAND**

48.   Paragraph 48 contains Plaintiff's request for a jury trial rather than allegations of fact and thus no answer is required.  Insofar as an answer may be required, the Civil Rights Act of 1991 provides for a jury trial in Title VII cases where compensatory damages are sought.

49.    Defendants deny all allegations of the complaint not hereinabove expressly admitted.

**AFFIRMATIVE DEFENSES**

1.   Plaintiff has failed to state a claim upon which relief may be granted.

2..   This action is barred by the doctrine of res judicata.

3.   Defendants were unaware of Plaintiff's disability before making the July 2010 business decision to move the Public Contact Team VSRs to other VSR Teams.  In July 2010, the agency informed Plaintiff that all Public Contact VSR positions, including his, would be moved to the Predetermination Team.  Before that time, Plaintiff did not put Defendants on notice that he suffers from a disability.

4.   The move of Public Contact Team VSRs was based solely on business necessity, as determined by the leadership at the Reno Veterans Affairs Regional Office.

5.   Defendants engaged in the interactive process to provide Plaintiff a reasonable accommodation.  Plaintiff, however, was unable to perform the duties of a Predetermination Team VSR.  As a reasonable accommodation, Plaintiff was offered the position of Claims Assistant/Intake Specialist.  He accepted this position on December 5, 2011, to be effected January 3, 2012.  Plaintiff, however, resigned on December 20, 2012.

6.   This action is barred by the doctrines of waiver, laches and estoppel.

7.   Plaintiff has failed to exhaust his administrative remedies for the claims alleged.

8.   Plaintiff's damages, if any, are limited to the amount stated in the administrative claim.

9.   Plaintiff has failed to mitigate his damages.

10.   Defendants have not been properly served.

11.   The Court lacks subject matter jurisdiction to decide this claim.

12.   Plaintiff's employment charge was untimely submitted.

13.   Punitive damages are not recoverable.

Defendants reserve the right to amend their Answer with additional defenses of which they may become aware as discovery progresses and to raise any other matter constituting an avoidance or affirmative defense.

WHEREFORE, Defendants pray for judgment as follows:

1.   That judgment be entered in favor of Defendants and against Plaintiff,

2.   That Plaintiff take nothing by way of his complaint,

3.   For costs of suit and

4.   For such other relief as may be proper.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney


/s/ Holly A. Vance
HOLLY A. VANCE
Assistant United States Attorney

7

1

**CERTIFICATE OF SERVICE**

2

3  TIMOTHY SHEPARD,                           )        Case No.  3:12-CV-00554-HDM-VPC
                                              )
4              Plaintiff,                      )
                                              )
5       v.                                     )
                                              )
6  UNITED STATES OF AMERICA,                   )
   DEPT. OF VETERANS AFFAIRS, ET AL.,          )
7                                              )
              Defendants.                      )
8  _____        )

9

         It is hereby certified that service of the foregoing ANSWER TO COMPLAINT was made

10

through the Court's electronic filing and notice system or, as appropriate, by sending a copy of

11

same by first class mail, addressed to the following addressees, on this 5th day of February, 2013.

12

         Addressee:

13

         JEFFREY S. BLANCK, ESQ.
14       485 West Fifth Street
         Reno, NV   89503

15
                                                     /s/ Holly A. Vance
16                                                   HOLLY A. VANCE

17

18

19

20

21

22

23

24

25

26

8