1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                        **DISTRICT OF NEVADA**

10

11  TIMOTHY SHEPARD,                )        3:12-cv-00554-HDM-VPC
                                    )
12                Plaintiff,        )
                                    )        ORDER
13  vs.                             )
                                    )
14  ERIC K. SHINSEKI, SECRETARY,    )
    DEPARTMENT OF VETERANS AFFAIRS; )
15  EDWARD RUSSEL, in his official  )
    capacity; and ALAN BITTLER, in  )
16  his official capacity,          )
                                    )
17                Defendant.        )
    _____ )
18
19       Before the court is the defendants' motion to dismiss (#53).

20  The plaintiff has opposed (#58) and the defendants have replied

21  (#61.)

22       Plaintiff Shepard was an employee at the Department of

23  Veterans Affairs ("VA") in Reno, Nevada, and worked as Veteran

24  Service Representative ("VSR") Public Contact. (*See* First Am.

25  Compl. 1.)  In 2010, the leadership at the Reno Veterans Affairs

26  Regional Office, allegedly based on "business necessity," made the

27  decision to move the Public Contact VSR team to a different VSR

28  team, the Predetermination team. (*See* Answer 6.)  Plaintiff

1

Shepard suffers from the disabilities of dyslexia and dysgraphia, and alleges that while he was able to perform effectively in his position on VSR Public Contact team despite his disabilities, his disabilities made it impossible for him to carry out his job responsibilities on the VSR Predetermination team, even with accommodations.  (*See* First Am. Compl. 1-2.)  Plaintiff Shepard first notified the VA of his disabilities when he was informed of his impending transfer.  (*See* First. Am. Compl. 5; Answer 6.) Plaintiff Shepard repeatedly requested that he be allowed to remain on the VSR Public Contact team.  (*See* First. Am. Compl. 3-6.)  The defendants denied this request, but assert that they "engaged in the interactive process to provide Plaintiff a reasonable accommodation" (*see* answer 6.).  The plaintiff initiated various administrative claims at the VA, which he pursued to varying degrees.  (*See* Def. Mot. 2-3; Def. Reply Maraian Dec. 2.) Plaintiff Shepard eventually resigned from his position at the VA, and alleges that he was "forc[ed]" to do so by the discriminatory treatment he received while working there.  (*See* First Am. Compl. 3-4.)

On October 15, 2012, the Plaintiff filed suit under the Rehabilitation Act, alleging disability discrimination.  (*See* Compl. 3-6.)  On July 3, 2013, the plaintiff filed an amended complaint that added a retaliation claim under the Rehabilitation Act.  (*See* First Am. Compl. 7-8.)

On August 19, 2013, the defendants filed a motion to dismiss (#53), which is presently before the court.  In their motion, the defendants argue that the plaintiff's retaliation claim should be dismissed due to failure to exhaust administrative remedies, that

1  defendants Russel and Bittler should be dismissed as to the

2  discrimination claim because defendant Shinseki is the only proper

3  defendant, and that various grounds for the plaintiff's

4  discrimination claim should also be dismissed due to failure to

5  exhaust administrative remedies.  (*See* Def. Mot. 1-2.)

6  **STANDARD**

7      The Ninth Circuit has held that in order to establish subject

8  matter jurisdiction over a Title VII claim, the plaintiff is

9  required to exhaust all administrative remedies.  *See, e.g.*, *B.K.B.*

10  *v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002).[1]

11  Moreover, the naming of the proper defendant under 42 U.S.C.

12  §2000e-16(c) is also considered a jurisdictional issue under Ninth

13  Circuit case law.  *See Hymen v. Merit Systems Protection Bd.*, 799

14  F.2d 1421, 1422 (9th Cir. 1986), *overruled on other grounds by*

15  *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990). The court

16  therefore construes the defendants' motion as a motion to dismiss

17  for lack of subject matter jurisdiction under Fed.R.Civ.P.

18  12(b)(1).

19      Such a motion may be made on the basis that the complaint

20  fails to allege grounds for federal subject matter jurisdiction as

21  required by Fed.R.Civ.P. 8(a).  *Meliezer v. Resolution Trust Co.*,

22  952 F.2d 879, 881 (5th Cir. 1992); *Thornhill Publ'g Co. v. General*

23  *Tel. & Elecs.*, 594 F.2d 730, 733 (9th Cir. 1979).  Although the

24

25      [1]  There is some Ninth Circuit case law stating that administrative
exhaustion under Title VII may not be a jurisdictional requirement per se,

26  but is instead a "statutory precondition to suit." *See Vinieratos v. U.S.,
Dep't of Air Force Through Aldridge*, 939 F.2d 762, 768 n.5 (9th Cir. 1991).

27  However, the majority of Ninth Circuit cases, including those cases more
recent than *Vinieratos* (*see, e.g.*, *B.K.B.*) do describe administrative

28  exhaustion as necessary to establish subject matter jurisdiction in district
court.

defendant is the moving party on a motion to dismiss, it is the plaintiff who, as the party seeking to invoke the court's jurisdiction, bears the burden of establishing subject matter jurisdiction.[2]  *Hexom v. Oregon Dept. of Transp.*, 177 F.3d 1134, 1135 (9th Cir. 1999).  The court in effect presumes that it lacks jurisdiction until the plaintiff proves otherwise.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000).

The nature of the burden of proof varies, however, depending on whether the motion is a facial or factual attack on the complaint.  When considering a Rule 12(b)(1) motion attacking a complaint on its face, the plaintiff must affirmatively allege the existence of federal jurisdiction because the court will not infer it from the allegations.  *TOSCO v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *citing Smith v. McCullough*, 270 U.S. 456, 459 (1926).  Also, with a facial attack, the court must presume that the plaintiff's allegations are true.  *Miranda v. Reno*, 238 F.3d 1156, 1157 n.1 (9th Cir. 2000).  In contrast, no presumption of truth attaches to the plaintiff's allegations with a factual attack.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

Additionally, "in resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039

_____

[2]  With respect to a threshold motion to dismiss for lack of subject matter jurisdiction, if the plaintiff can show any arguable basis in law for the claim made, he may survive a Fed.R.Civ.P. 12 (b)(1) motion.  *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996).

(9th Cir. 2004) (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)).   When, as in the case at hand,   "'the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.'"   *Id.*

A federal court presumptively lacks subject matter jurisdiction "unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Federal subject matter jurisdiction must exist at the time the action is commenced. *Morongo Band of Mission Indians v. California State Bd. of Equalization,* 858 F.2d 1376, 1380 (9th Cir. 1988), *cert. denied*, 488 U.S. 1006 (1989).  Only where the complaint defectively alleges jurisdiction, and not where jurisdiction is indeed lacking, may a plaintiff amend the complaint.  *Id.* at 1381 n.3; *see* 28 U.S.C. § 1653.

**ANALYSIS**

**I.   Consideration of Exhibits Attached to Plaintiff's Opposition**

The defendants argue in their reply that all twenty of the exhibits offered by the plaintiff in his opposition to their motion "are not authenticated, and . . . also constitute hearsay." (Def. Reply 7.)  The defendants claim that the exhibits are therefore inadmissible and should be disregarded by this court.  (*Id.*)  They cite Fed.R.Evid. 801 (defining hearsay) and 802 (precluding admission of hearsay), as well as two Ninth Circuit cases, both of which upheld district courts' exclusion of letters from

5

consideration when deciding a motion for summary judgment because the letters were not properly authenticated. *See id.*; *Orr v. Bank of America*, 285 F.3d 764, 778 (9th Cir. 1997); *Lumiere (Rights) Ltd. V. Baker & Taylor*, 116 F.3d 484 (9th Cir. 1997). The court addresses this evidentiary issue before addressing the defendants' other arguments, as it has a bearing on which evidence is available to the court in ruling on the defendants' motion to dismiss.

"It is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment," and "[t]he same rule applies when evidence is submitted . . . in support of a motion to dismiss." *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181-82 (9th Cir. 1988) (citing to Fed.R.Civ.P. 43(e), which no longer exists, but also citing to Fed.R.Evid. 101 for the proposition that the Federal Rules of Evidence apply in all proceedings before the United States courts, as well as to Fed.R.Evid. 1101, which lists certain exceptions to Rule 101, none of which apply in the case at hand). Thus, case law discussing when evidence may be appropriately considered at the summary judgment stage applies equally to the current circumstance, in which evidence is being considered by the court in ruling on a motion to dismiss.

It is important to note that while only admissible evidence may be considered when deciding a motion to dismiss, "we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents." *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). The court looks not at whether the evidence is currently presented in an admissible form, but instead whether it "'could be presented in an admissible form

at trial.'" *Fonseca v. Sysco Food Servs. of Arizona, Inc.*, 374
F.3d 840, 846 (quoting *Fraser*, 342 F.3d at 1037; citing *U.S. Bancorp v. Fraser*, 541 U.S. 937 (2004)).  Evidence presented at the motion to dismiss stage can contain hearsay, for example, yet still be appropriately considered by the court if it can be presented at trial in an admissible format (for example, with testimony).  *See, e.g.*, *Fraser*, 343 F.3d at 1037; *Fonseca*, 374 F.3d at 846. Moreover, while none of the plaintiffs' exhibits in the case at hand are authenticated by affidavits, the alternative means to authentication permitted by the Fed.R.Evid. 901(b) and 902 may also be considered by the court.  *See Orr*, 285 F.3d at 777-778, 777 n.22-23, 778 n.24.

While it is possible that some or all of the plaintiffs' exhibits may be appropriately excluded from consideration at this juncture based on inadmissibility at the trial stage or lack of authentication, the defendants have not articulated which exhibits should be excluded for which reasons.  (*See* Def. Reply 7.)  The plaintiffs' exhibits include letters, emails, excerpts from manuals, interrogatories, and deposition testimony, all different types of evidence that may be authenticated in different ways and to which different rules of evidence and different case law may apply.  *See, e.g.*, *id.* at 773-79; P. Opp'n Ex. 1-20.  However, the defendants have articulated no standards this court should employ in determining the admissibility of the plaintiffs' twenty various exhibits, and has not offered arguments as to why any individual exhibits should be excluded.  (*See* Def. Reply 7.)  At a minimum, some of the content of the plaintiffs' exhibits is admissible because the same content has been offered and authenticated by the

defendants.  *Orr*, 285 F.3d at 776*; compare* P. Opp'n Ex. 3 at 1-5[3]
*with* Def. Mot. Ex. B.

While "the party opposing the motion must furnish affidavits
or other evidence necessary to satisfy its burden of establishing
subject matter jurisdiction (*Safe Air for Everyone,* 373 F.3d at
1039 (citing *Savage*, 343 F.3d at 1039 n.2)), the burden is on the
defendants to articulate clear and appropriate objections to
evidence they seek to exclude.  The court will therefore consider
all the evidence provided by both parties in making its ruling.

**II.  Plaintiff's Retaliation Claim: "Retaliation in Violation of 29**
**U.S.C. § 791 - Disability Discrimination"**

In his second claim for relief, the plaintiff alleges that
after he filed his EEOC Complaint and the instant action, he
"attempted to procure various Veteran Benefit letters from the Reno
VA in order to assist in the refinancing of his house and other
personal matters." (First Am. Compl. 7.)  The plaintiff states
that veterans usually obtains these letters "as a matter of course"
and "on a regular basis," but that he "was told that because he had
a pending lawsuit said letters would not be issued to him by the
Reno VA." (*Id.*)  The defendants assert that the plaintiff has
failed to exhaust his administrative remedies with regard to this
claim.

The Rehabilitation Act of 1973, 29 U.S.C. §§ 701-794(a),
"provide[s] . . . protection for handicapped persons subject to
discriminatory treatment."  *Boyd v. U.S. Postal Serv.*, 752 F.2d

---

[3]  For all exhibits to which the court cites, page numbers refer to the
page number of the ECF document the exhibit is contained within, rather than
to any page numbers on the document(s) contained within the exhibit.

410, 412 (9th Cir. 1985).  Section 794(a)(1) of the Rehabilitation Act makes the remedies, procedures, and rights of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e-16, available to employees alleging a violation of § 791 of the Rehabilitation Act.  *Johnston v. Horne*, 875 F.2d 1415, 1418 (9th Cir. 1989), *overruled on other grounds by Irwin*, 498 U.S. 89.  A federal employee asserting a discrimination claim under the Rehabilitation Act must therefore exhaust administrative remedies under Title VII before filing a civil action in federal court.  *Vinieratos*, 939 F.2d 773 (9th Cir. 1991); *see also Bullock v. Berrien*, 688 F.3d 613, 616 (9th Cir. 2012) (citing *Boyd v. U.S. Postal Serv.*, 752 F.2d 410, 413-14 (9th Cir. 1985)); *Cherosky v. Henderson*, 330 F.3d 1243, 1245 (9th Cir. 2003).

As described in *Bullock*, the exhaustion process under Title VII, which Rehabilitation Act plaintiffs must complete in order to file suit in federal court, involves multiple steps.

> To exhaust administrative remedies, the aggrieved federal employee must first attempt to resolve the matter by filing an informal complaint that triggers counseling by an EEOC Counselor.  29 C.F.R. § 1614.105(a).  If an informal resolution is not achieved, the employee must then file a formal complaint for decision by an ALJ.  *See id.* §§ 1614.105(d), 1614.106.  The employee may file a civil action in federal district court within 90 days of receiving notice of final agency action on the employee's formal complaint by the ALJ, or after 180 days from the filing of the complaint if no final action has been taken by that time.  42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(a)-(b).

*Bullock v. Berrien*, 688 F.3d at 616.  Additionally, "federal employees complaining of discrimination by a governmental agency . . . 'must initiate contact with a[n EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory.'"  *Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002) (quoting 29 C.F.R. § 1514.105(a)(1)).  "[F]ailure to comply with this regulation has

1  been held to be fatal to a federal employee's discrimination
2  claim." *Id.* (citing *Johnson v. United States Treasury Dep't*, 27
3  F.3d 414, 416 (9th Cir. 1994)).

4       The purpose of the exhaustion requirement is to give the
5  agency appropriate notice of the claims and afford the agency the
6  opportunity to investigate the charge. *B.K.B. v. Maui Police*
7  *Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002).  In keeping with this
8  purpose, "[a]llegations of discrimination not included in the
9  plaintiff's administrative charge 'may not be considered by a
10 federal court unless the new claims are like or reasonably related
11 to the allegations contained in the EEOC charge.'"  *Id.* at 1100
12 (9th Cir. 2002) (quoting *Green v. Los Angeles County Superintendent*
13 *of Schs.*, 883 F.2d 1472, 1475-76 (9th Cir. 1989).  In determining
14 whether new claims are "like or reasonably related" to allegations
15 in the EEOC charge, the court may consider "'such factors as the
16 alleged basis of the discrimination, dates of discriminatory acts
17 specified within the charge, perpetrators of discrimination named
18 in the charge, and any locations at which discrimination is alleged
19 to have occurred.'"  *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634,
20 644 (9th Cir. 2003) (quoting *B.K.B.*, 276 F.3d at 1100).  Given the
21 purposes of the exhaustion requirement, when determining whether a
22 new charge is "like or reasonably related" to the allegations
23 contained in the EEOC charge, it is appropriate to consider whether
24 or not the EEOC investigation resulting from the EEOC charge would
25 have reasonably encompassed or revealed the behavior alleged in a
26 new charge in federal court.  *See, e.g.*, *id.* at 645-46.

27      The defendants' motion to dismiss is a factual attack on
28 subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1).  *See Safe*

1 *Air*, 373 F.3d at 1039.  As discussed above, when the attack is

2 factual, the court does not presume that the plaintiff's

3 allegations are truthful.  *See id.* at 1039 n.2.  Rather, the

4 plaintiff, in response to the evidence properly brought before the

5 court by the defendants, must present evidence necessary to satisfy

6 its burden of establishing subject matter jurisdiction.  *Id.*  The

7 burden is always on the party seeking to invoke the jurisdiction of

8 the federal court to establish that jurisdiction exists.  *KVOS,*

9 *Inc. V. Associated Press*, 299 U.S. 269, 278 (1936); *Assoc. of*

10 *Medical Colleges v. United States*, 217 F.3d 770, 778-79 (9 th Cir.

11 2000).

12     In the case at hand, the plaintiff therefore bears the burden

13 of showing that his retaliation claim is like or reasonably related

14 to his EEOC charge in claim 200P-0354-2011101640 ("claim 1640"),[4]

15

16     [4]   The defendants submit that claim 1640 is the only EEO claim that
he administratively exhausted prior to filing in federal court, and the court
17 agrees.  (*See* Def. Mot. 2-3.)  Evidence in the record supports this
conclusion, and plaintiffs do not dispute it.  For evidence that claim 1640
18 was administratively exhausted prior to the plaintiff filing a timely civil
action in federal court, *see* P. Opp'n Ex. 1 (EEO Counselor Report for claim
19 1640); Def. Mot. Ex. B (partial acceptance of EEO charge for claim 1640);
Def. Mot. Ex. C ("Stipulation and Proposed Order Regarding Issues to Be
20 Decided at the Hearing" for claim 1640); Def. Mot. Ex. D (decision from
administrative law judge Virginia Mellema MaGee regarding claim 1640, which
21 ultimately became EEOC No. 550-2011-578X, finding that "Complainant has not
proffered sufficient evidence that he was subjected to a violation of the
22 Rehabilitation Act" (Def. Mot. Ex. D at 22)); P. Opp'n Ex. 16 ("Transmittal
of Final Decision or Order" regarding claim 1640, EEOC No. 550-2011-578x).
23 For evidence that the plaintiff's other EEO claims were not exhausted prior
to the plaintiff filing in federal court, *see* Def. Mot. Ex. A ("Notice of
24 Final Agency Decision of your EEO Complaint No. 200P-0354-2010104782";
defendants assert that the plaintiff neither appealed this decision nor
25 filed a timely civil action to challenge it (*see* Def. Mot. 2), and the
plaintiff has neither disputed this assertion nor offered any evidence to
26 the contrary (*see generally* P. Opp'n)); Def. Mot. Ex. E (EEO Counselor
Report for claim No. 200P-0354-2011103997; defendants assert that the
27 plaintiff never submitted a formal complaint regarding this claim (*see* Def.
Mot. 3) and the plaintiff has neither disputed this assertion nor offered
28 any evidence to the contrary (*see generally* P. Opp'n)); Def. Reply, Maraian
Dec. 2.

which would establish this court's subject matter jurisdiction over the claim.  The only claim arising out of the formal complaint for claim 1640 that was accepted by the agency (*see* Def. Mot. Ex. B) and fully exhausted (*see* Def. Mot. Ex. C, D.) was the plaintiff's claim that he "was discriminated against based on color (brown), national origin (HIspanic) [sic], disability, age, and reprisal when he was denied reasonable accommodation between November 4, 2010 and January 4, 2011" (Def. Mot. Ex. B. at 17).  While the plaintiff was notified of his right to assert that the claim accepted by the agency was "improperly formulated, incomplete, or incorrect," the plaintiff has not alleged that he did so or provided any evidence indicating that he disputed the appropriateness of the claim.  (*See* Def. Mot. Ex. B. at 3; *see generally* P. Opp'n.)

Despite supplying the report from the initial EEO counseling regarding claim 1640 (P. Opp'n Ex. 1), the plaintiff, while bearing the burden of proving exhaustion, has not supplied his actual complaint regarding claim 1640.  The plaintiff, while asserting that he "did raise the claim of reprisal," has also not provided any explanation regarding what behavior the phrase "reprisal" in the accepted EEOC charge described. (*See generally* P. Opp'n.)  The initial EEO counselor report states that claims made in a complaint following a counseling that have not been brought to the attention

---

Given that claim 1640 is plaintiff Shepard's only EEO claim that was properly exhausted prior to filing in federal court, the EEOC charge resulting from claim 1640 is the only charge the court will examine in determining whether the claims in the plaintiff's First Amended Complaint were properly exhausted; whether claims in the First Amended Complaint are like or reasonably related to EEO claims the plaintiff clearly did not administratively exhaust is irrelevant to the inquiry.

of an EEO counselor or are not like or reasonably related to claims brought before an EEO counselor are subject to dismissal. (See P. Ex. 1 at 7.) Without evidence to the contrary from the plaintiff, the court will therefore assume that the factual allegations as described in the counselor report, P. Opp'n Ex. 1, accurately approximate the factual allegations in the complaint, which were ultimately accepted in the EEOC charge for claim 1640.

The plaintiff argues in his opposition that the claim of "reprisal" was part of his initial EEOC complaint accepted by the agency, and that this is enough to demonstrate exhaustion of his current retaliation com. (*See* P. Opp'n 9-10.) While the plaintiff is correct that the charge accepted by the EEOC contained the word "reprisal" (*see* Def. Mot. Ex. B at 17), the facts plaintiff alleged in support of the accepted charge, according to the counselor report, do not actually contain any allegations of reprisal or retaliation, but instead concern various VA employees' alleged failure to reasonably accommodate the plaintiff's disability (*see* P. Opp'n Ex. 1 at 3-4). Thus it is difficult to see how an EEOC investigation based on the plaintiff's allegations in support of his accepted charge would have reasonably revealed any retaliatory conduct.

Additionally, while the plaintiff did not allege any specific perpetrators in the retaliation claim in his First Amended Complaint, in his opposition to the defendants' motion to dismiss, he names Tracy Naves, defendant Bittler and "Jerry Oliver at the VA in Washington D.C." (P. Opp'n 6-7.) Both Ms. Naves and defendant Bittler were named in the plaintiff's initial contact with his EEO counselor regarding his accepted charge in claim 1640, but Mr.

Oliver was not named.  (*See* P. Opp'n Ex. 1 at 3-6.)  The EEOC investigation would therefore have reasonably included investigations into the behavior of Ms. Naves and defendant Bittler, even though it would not have reasonably encompassed any retaliatory conduct on their part.  However, the EEOC investigation would not reasonably have included any investigation of Mr. Oliver.

The second claim the plaintiff raised in his initial EEO counseling regarding claim 1640, in which he alleged that he was discriminated against when Ms. Naves gave him a verbal counseling when he was seen talking on his cell phone while not on a break or at lunch, could more accurately be described as a "reprisal" claim. (*See id.* at 6.)  However, the facts and dates of the behavior alleged by the defendant in this second claim are still completely different from the plaintiff's current retaliation claim, which concerns his alleged denial of VA benefit letters.  (*See* P. Opp'n Ex. 1.)  Additionally, the EEOC would not have reasonably investigated the second claim because it was not accepted by the agency, but was instead dismissed for failure to state a claim. (See Def. Mot. Ex. B. at 16-17.)  There is no evidence in the record demonstrating that the plaintiff ever appealed the partial dismissal of claim 1640, despite being notified of his right to do so.  (*See id.* at 17.)

Importantly, the plaintiff did not assert his retaliation claim regarding his alleged inability to receive VA benefit letters until he filed his First Amended Complaint on July 3, 2013.  (*See* First Am. Compl. 7-8.)  "The EEOC could not have investigated that incident because it had not yet happened at the time the EEOC was conducting its investigation."  *Vasquez*, 349 F.3d at 645.  The

14

plaintiff's initial EEO counseling for claim 1640 took place on November 4, 2010, his formal complaint was filed on February 28, 2011, and complaint was partially accepted by the agency on April 18, 2011. (*See* Def. Mot. Ex. B at 17; Def. Reply, Maraian Dec. 2.) The administrative law judge ("ALJ") issued her decision on the matter on July 18 2012. (*See* Def. Mot. Ex. D at 4.)  The plaintiff therefore made his new allegation of retaliation related to being denied VA benefit letters for the first time almost a year after claim 1640 had been administratively exhausted.  The agency was therefore given no notice of these allegations and had no opportunity to investigate.

The plaintiff argues that "[o]nce there is a claim of reprisal, any and all actions of previous or ongoing reprisal are subject to litigation in the Amended Complaint filed by the Plaintiff."  (P Opp'n 9-10.)  However, the plaintiff cites no authority for this contention, and is not correct that the mere use of the word "reprisal" in his initial EEOC charge has the effect of allowing him to litigate, without further administrative exhaustion, any and all retaliation claims.  "[T]he operative facts regarding [his retaliation claim in the First Amended Complaint are] not related to the facts in the EEOC charge," and, as discussed above, are also well outside of the range of the dates of discriminatory acts specified within the charge.  *See Vasquez*, 349 F.3d at 644-45.  Additionally, not all of the people accused in the current retaliation claim were even mentioned in conjunction with the EEOC Charge.  *Id.; compare* P. Opp'n 6-7 *with* P. Opp'n Ex. 1 at 3-6.  Even had claim 1640 been accepted in its entirety instead of partially dismissed, the "reprisal" claims made by the plaintiff in

his EEOC charge are not like or reasonably related to the retaliation claim he now makes in federal court. *See Vasquez*, 349 F.3d at 644; *B.K.B.*, 276 F.3d at 1100.

Unlike hostile environment claims, which "by their very nature involve repeated conduct,

> [d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice.

*Nat'l Passenger Corp v. Morgan*, 536 U.S. 101, 114 (2002). The denial of VA benefit letters alleged by the plaintiff in his First Amended Complaint, which is not like or reasonably related to the facts alleged in his EEOC charge, is a discrete act of retaliation, and as such must be separately and independently administratively exhausted. *Id.* Plaintiff Shepard must therefore follow all of the steps discussed above (*see supra* discussion at 9) to exhaust his retaliation claim regarding his alleged denial of access to VA benefit letters before this court can exercise subject matter jurisdiction over the claim.

There is no evidence in the record that the plaintiff spoke with an EEO Counselor within 45 days of the alleged denial of benefit letters or that he followed any of the other steps required to administratively exhaust this claim. See *Bullock v. Berrien*, 688 F.3d at 616; *Lyons*, 307 F.3d at 1105. The defendants, however, have submitted evidence showing that the plaintiff never initiated any type of administrative claim

> that the VA failed to provide him with Veteran compensation letters, money letters, percentage letters, statement-of-service letters, medically retired letters, or any type of veteran documentation that Mr. Shepard asked for and did not receive from the VA.

(Def. Reply, Maraian Dec. 2.)  The plaintiff does not allege that he separately exhausted his retaliation claim regarding the denial of VA benefit letters, but instead only argues that he does not have to do so.  (*See* P. Opp'n 9-10.)

The court finds that plaintiff Shepard has failed to properly administratively exhaust the claim for retaliation regarding his alleged denial of VA benefit letters made in his First Amended Complaint, and has therefore failed to establish that this court has subject matter jurisdiction over the claim. *See B.K.B.*, 276 F.3d at 1099.  Accordingly, the court grants the defendants' motion to dismiss with regard to the plaintiff's second claim for relief.

**II.  Plaintiff's Discrimination Claim: "Violation of 29 U.S.C. § 791 - Disability Discrimination**

The defendants have argued in their motion to dismiss that various grounds for the first claim in the plaintiff's First Amended Complaint, for disability discrimination, should be dismissed for lack of proper exhaustion.  The defendants also argue that defendants Bittler and Russell should be dismissed as defendants with regard to this claim, because defendant Shinseki is the only proper defendant.

*a.  Proper Grounds*

The defendants argue that the only proper ground for the plaintiff's disability discrimination claim is the claim that the plaintiff was denied a reasonable accommodation between November 4, 2010 and July 18, 2012, because this is the only claim that was appropriately administratively exhausted.  (Def. Mot. 5.)  The defendants argue that the plaintiff's claims that

> the VA harassed and humiliated him based on his disabilities;
> the VA wrongfully eliminated Plaintiff's job with the Public
> Contact Office in violation of VA policies and directives;
> Defendant Russell gave Plaintiff a bad reference; and
> Plaintiff was forced to quit his job

should all be dismissed from this lawsuit due to lack of

administrative exhaustion.  (*Id.*)

In support of this argument, the defendants note that as part

of administrative claim 1640, the plaintiff entered into a

stipulation, which was then signed into an order by the ALJ,

agreeing that the issues to be determined by ALJ would "include"

whether the plaintiff was denied a reasonable accommodation between

November 4, 2010 and the date of her decision.  (*See* Def. Mot. 5;

Def. Mot. Ex. C at 4.)  The ALJ then issued her decision without a

hearing on July 18, 2012.  (*Id.*; Def. Mot. Ex. D.)  In her

decision, the ALJ described the "Issue" before her as:

> Construing all the evidence in his favor, has Timothy Shepard
> proven, by a preponderance of the evidence, that he was
> subjected to discrimination based on his disability (dyslexia,
> major depressive disorder, bilateral shoulder condition, C3-
> C7, bilateral ankle condition, hypertension) when he was
> denied a reasonable accommodate from November 4, 2010 to the
> present?

(Def. Mot. Ex. D at 7.)  The decision has a footnote immediately

following the above paragraph, which reads:

> The accepted issued also included the discrimination bases of
> color (brown), national origin (Hispanic), age (over 40) and
> reprisal (prior EEO activity).  However, Complainant's 109(g)
> opposition indicates that he has abandoned his color, national
> origin, and age discrimination claims.  Furthermore, his
> reprisal claim appears to be restricted to an untimely
> allegation that he was given a bad recommendation for a job
> transfer in approximately June 2010.

(*Id.* at 7 n.1.)  While the stipulation signed by the parties did

not specify that the reasonable accommodation issue was the *only*

issue to be decided, the ALJ's decision indicates that the

1  plaintiff voluntarily abandoned all of his claims other than the
2  reasonable accommodation claim and his claim for "reprisal" related
3  to a bad recommendation prior to her decision. (*Id.*; Def. Mot. 5
4  Ex. C at 4.)

5      The court will separately address each of the grounds for the
6  plaintiff's disability discrimination claim that the defendant
7  argues have not been exhausted.

8  i.  Harassment and Humiliation Based Upon Disabilities

9      The court agrees with the defendants that the plaintiff's
10 claim that he was harassed and humiliated by the VA based upon his
11 disabilities (*see* First Am. Compl. 3-4) has not been fully
12 exhausted.  The plaintiff has provided no evidence that he made
13 allegations of harassment in the EEOC charge for claim 1640. (*See
14 generally* P. Opp'n; P. Opp'n Ex. 1; First Am. Compl.)  Defendants
15 have presented evidence that the plaintiff did initiate an
16 administrative claim, claim 200P-0354-2010104782, related to
17 harassment based on disability. (Def. Mot. Ex. A.)  However, the
18 defendants assert, and the plaintiff does not dispute, that the
19 plaintiff neither appealed the agency's final decision on the claim
20 nor filed a timely civil action to challenge the decision, as would
21 have been required to exhaust the claim.  *See* Def. Mot. 2; P.
22 Opp'n; *Bullock v. Berrien*, 688 F.3d at 616.  Additionally,
23 harassment encompasses an entirely separate set of facts, and,
24 indeed, an entirely separate legal theory from the lack of
25 reasonable accommodation claim made in claim 1640, so the
26 plaintiff's harassment claim is not like or reasonably related to
27 his EEOC charge for claim 1640. *See Vasquez*, 349 F.3d at 644-45
28 (citing *Ong v. Cleland*, 642 F.2d 316, 319 (9th Cir.1981)).

The court therefore finds that it lacks subject matter jurisdiction over the plaintiff's claim that he suffered harassment and humiliation based on his disability in violation of the rehabilitation act, and the court grants the defendant's motion to dismiss with regard to this aspect of the plaintiff's disability discrimination claim.

ii.   Wrongful Elimination of the Plaintiff's job with the Public Contact Office in violation of VA policies and directives

The court construes the plaintiff's claims that his position on the VSR Public Contact team was wrongfully eliminated in violation of VA policies and directives as part of the plaintiff's argument as to why the VA failed to reasonably accommodate his disabilities when it refused to return him to his position on that team.  (See P. Opp'n 3-6, 11.)  As such, the alleged wrongful elimination of the plaintiff's position from the VSR Public Contact team is not a separate claim under the Rehabilitation Act that must be administratively exhausted, but rather is part of the plaintiff's argument as to why his rights under the rehabilitation act were violated by the VA.

Given that the plaintiff's allegation that his position was wrongfully eliminated by the VA is not actually a claim under the Rehabilitation Act, Title VII's administrative exhaustion requirement does not apply.  Accordingly, the court denies the defendants' motion to dismiss with regard to the plaintiff's argument that his position was wrongfully eliminated.

iii.  Bad Reference From Defendant Russell

With regard to the plaintiff's claim that he received a bad reference from defendant Russell (*see* First Am. Compl. 5; P. Opp'n 3), the ALJ noted

> Complainant raised (apparently for the first time) a claim of reprisal in his 109(g) opposition, alleging that Regional Office Director Edward Russell retaliated against him in approximately June 2010 when he gave Complainant a bad reference.  However, there is no indication that this claim was ever brought to an EEO counselor, was ever accepted as an issue by the agency, or was ever subject of a motion to amend.  While Complainant's reasonable accommodation claim can be construed as a recurring violation for timeliness purposes . . . the same cannot be said of Complainant's retaliatory reference allegation.  Complainant failed to raise this claim before an EEO Counselor within forty-five days or to file a timely motion to amend; therefore I find the reprisal claim untimely."

(Def. Mot. Ex. D at 9)

As discussed above, retaliatory acts are discrete acts that must be separately exhausted or be like or reasonably related to claims in the actual EEOC charge in order for this court to have subject matter jurisdiction.  *See Nat'l Passenger Corp v. Morgan*, 536 U.S. at 114; *Vasquez*, 349 F.3d at 644-45; *B.K.B.*, 276 F.3d at 1100.  While the ALJ's decision is not dispositive to this court's decision,[5] the court agrees with the ALJ that the plaintiff's allegations regarding the bad reference from defendant Russell have not been properly administratively exhausted.

While the defendant has submitted deposition testimony from his interview with an EEO investigator regarding claim 1640 in which he tells the investigator about the alleged bad reference, this interview took place on July 14, 2011, more than eight months

---

[5]  The district court may reverse the decision of an ALJ, but only if it deems the decision "arbitrary, capricious, contrary to law, or not supported by substantial evidence."  *Lewis v. United States*, 641 F.3d 1176 (9th Cir. 2011) (citing 5 U.S.C. § 7703(c)).

after the plaintiff's initial EEO counseling, and more than four months after the plaintiff filed his formal complaint regarding claim 1640. (See P. Opp'n Ex. 5 at 3.)  The plaintiff has presented no evidence that, as part of claim 1640, he brought this factual allegation to an EEO Counselor within 45 days of the alleged incident, and no evidence that he followed any of the other numerous steps required for administrative exhaustion of this allegation. *See generally* P. Opp'n; First Am. Compl.; *see also Bullock*, 688 F.3d at 616; *Lyons*, 307 F.3d at 1105.

The defendants have provided evidence that the plaintiff did discuss the alleged bad reference from defendant Russell with an EEO counselor on July 8, 2011, initiating EEO claim 200P-0354-2011103997. (*See* Def. Mot. Ex. E.)  However, this counseling took place more than a year after the plaintiff alleges defendant Russell gave him a bad reference. (*See* First Am. Compl. at 5 (stating that defendant Russell gave the plaintiff a bad recommendation when he applied for a position at the Reno VA Hospital in June 2010).)  Additionally, the defendants assert, and the plaintiffs do not dispute, that the plaintiff never filed a complaint raising the issue with the agency after the counseling as is required for exhaustion.  (*See* De. Mot. 3; *see generally* P. Opp'n.)

Furthermore, like the plaintiff's retaliation claim regarding the denial of VA benefit letters, which the court has dismissed for lack of exhaustion, the claim that defendant Russell gave the plaintiff a bad recommendation is not like or reasonably related to the EEOC charge.  As discussed above, the claim in the EEOC charge contained the word "reprisal," but the factual allegations

concerned only lack of reasonable accommodation.  (*See* discussion *supra* at 13.)

Moreover, while plaintiff Russell was named in the initial EEO counseling, the plaintiff alleged only that defendant Russell and others "were informed that Mr. Shepard would need training as an accommodation . . . There was no response from management regarding this request," and that defendant Russell and others "provided a list of training classes that Mr. Shepard would receive," but that the training was ultimately "insufficient for Mr. Shepard who had no idea what they were talking about."  (See P. Opp'n Ex. 1 at 4.) The factual allegations from the EEO counseling therefore do not share the same operative facts as the allegation about the bad reference.  *Vasquez*, 349 F.3d at 645. The dates of both of the factual allegations concerning defendant Russell are also after the bad recommendation allegedly occurred.  (*See* P. Opp'n Ex. 1 at 4) The EEOC investigation of claim 1640 would thus not have reasonably encompassed or revealed that the facts related to this allegation. *See Vasquez*, 349 F.3d at 644-46.

For all these reasons, the court finds that the plaintiff's claim that defendant Russell gave him a bad reference is not like or reasonably related to the facts in the EEOC charge.  *See id.* at 644-45; *B.K.B.*, 276 F.3d at 1100.  The plaintiff has therefore not met his burden of showing that the court has subject matter jurisdiction over this claim (*see B.K.B.*, 276 F.3d at 1099; *Safe Air*, 373 F.3d at 1039), and the defendants' motion to dismiss under Fed.R.Civ.P. 12(b)(1) is granted with regard to the plaintiff's claim that defendant Russell gave him a bad reference.

iv.  The Plaintiff Was Forced to Quit His Job

1    In her decision regarding claim 1640, the ALJ noted that the

2 plaintiff resigned from the agency on December 20, 2011. (*See* Def.

3 Mot. Ex. D at 8.)  She further stated,

> To the extent that Complainant is contending that the Agency's
> failure to provide him reasonable accommodation forced him to
> resign . . . this allegation should have been brought before
> the Merit Systems Protection Board (MSPB). *See* 29 C.F.R. §
> 1614.302.  However, as this complaint is inextricably
> intertwined with the EEO process, it is appropriate for me to
> retain jurisdiction. *See Blount v. Dep't of Homeland
> Security*, EEOC Appeal No. 0720070010, 2009 WL 3700690 (October
> 21, 2009) (finding that the administrative judge 'correctly
> determined that the constructive discharge claim is
> inextricably intertwined in the EEO process, and that it was
> appropriate for the AJ to retain jurisdiction over [that]
> matter rather than remanding it to the MPSB')."

11 *Id.* at 8-9.  Thus, the ALJ actually retained jurisdiction over the

12 plaintiff's claim that he was forced to quit his job because of the

13 VA's failure to reasonably accommodate his disabilities.  *Id.*

14    Under 42 U.S.C. § 2000(e)-16(c), an employee may file a civil

15 action in federal court within 90 days of receiving notice of final

16 agency action on the employee's formal complaint by an ALJ.  42

17 U.S.C. § 2000(e)-16(c); *Bullock*, 688 F.3d at 2012.  Given that the

18 ALJ's decision regarding claim 1640 did include consideration of

19 whether a lack of reasonable accommodation forced the plaintiff to

20 resign, the plaintiff has the right under 42 U.S.C. § 2000(e)-16(c)

21 to challenge the ALJ's ruling on that issue in federal court.  *Id.*

22 The court therefore has subject matter jurisdiction over this

23 claim.

24    However, to the extent that the plaintiff claims that he was

25 "forced" to quit for other reasons, such as because of the

26 defendants' "pattern and practice of harassment and humiliation"

27 (P. Opp'n 3-4), the plaintiff's claims have not been exhausted and

28 are not like or reasonably related to the claims in his EEOC charge

1  for claim 1640.  As discussed above (*see supra* discussion at 19-
2  20), the plaintiff's claim that he suffered harassment and
3  humiliation based on his disability was not properly exhausted;
4  thus the claim that he suffered such severe harassment and
5  humiliation that he was forced to quit his job has similarly also
6  not been exhausted, and the court does not have subject matter
7  jurisdiction over that claim.

8       Accordingly, the court denies the defendants' motion to
9  dismiss with regard to the plaintiff's claim that he was forced to
10 quit his job due to the lack of reasonable accommodation of his
11 disabilities.  However, the court grants the defendants' motion to
12 dismiss with regard to the plaintiff's claims that he was forced to
13 quit his job for other reasons, such as harassment or humiliation
14 based on his disability.

15 *b.  Proper Defendants*

16      The defendants argue that defendants Russell and Bittler
17 should be dismissed as defendants from the plaintiff's disability
18 discrimination claim because the only proper defendant in such an
19 action is the head of the agency involved.  (Def. Mot. 4.)  The
20 head of the agency is defendant and VA Secretary Shinseki.  (*Id.*)
21 Defendants Rusell and Bittler are other employees at the VA.  (*Id.*)
22 In his opposition, the plaintiff has not disputed the defendants'
23 contention that defendants Russell and Bittler are improper
24 defendants in this action.  (*See generally* P. Opp'n.)

25      The defendants are correct that under federal statute and
26 Ninth Circuit case law, the only proper defendant in a disability
27 discrimination suit under the Rehabilitation Act is the head of the
28 relevant department.  *See* 42 U.S.C. § 200e-16(c); *Johnston*, 875

F.2d at 1418-20; *Wilkins v. Daley*, 49 F. Supp. 2d 1, 1 (D.D.C. 1999) (dismissing all defendants except the secretary of the Department of Commerce, because the only proper defendant under 42 U.S.C. § 200e-16(c) is the head of the department).  The court does not have jurisdiction over Rehabilitation Act claims brought against defendants who are not the head of the relevant department. *See Johnston*, 875 F.2d at 419.  The court therefore dismisses defendants Russell and Bittler from remaining claims in this lawsuit.

**CONCLUSION**

In accordance with the foregoing, the defendants' motion to dismiss (#53) is hereby GRANTED IN PART AND DENIED IN PART as follows:

(1) Dismissal is GRANTED to the defendants with regard to the plaintiff's second claim for relief, that the he suffered unlawful retaliation when he was denied VA benefit letters;

(2) Dismissal is GRANTED to the defendants with regard to the plaintiff's claims, as part of his first claim for relief, that he was harassed and humiliated based on his disabilities;

(3) Dismissal is DENIED to the defendants with regard to the plaintiff's arguments, as part of his first claim for relief, that his position on the VSR Public Contact team was wrongfully eliminated;

(3) Dismissal is DENIED to the defendants with regard to the plaintiff's claim, as part of his first claim for relief, that the VA's lack of reasonable accommodation of his disabilities forced him to resign;

1    (4) Dismissal is GRANTED to the defendants with regard to the
2    plaintiff's claim, as part of his first claim for relief, that
3    harassment and humiliation based on his disabilities, or any other
4    reason other than a lack of reasonable accommodation of his
5    disabilities, forced him to resign;

6    (5) Dismissal is GRANTED to the defendants in that defendants
7    Russell and Bittler are dismissed from all remaining claims in this
8    lawsuit.

9    IT IS SO ORDERED.

10   DATED: This 19th day of February, 2014.

_Howard D McKibben_

UNITED STATES DISTRICT JUDGE

27